IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | |
| | : | Cr. No. 05 - 364 (EGS) |
| | : | |
| KENNETH C. BAKER, | : | |
| | : | |
| Defendant | : | |

KENNETH BAKER'S OPPOSITION TO THE
GOVERNMENT'S MOTION FOR VIDEO
<u>DEPOSITION OF GOVERNMENT WITNESS</u>

    Kenneth C. Baker hereby opposes the government's motion for a video deposition of the complaining witness Ms. Doris Medley. Permitting the government to take the video taped deposition of Ms. Medley, prior to trial, prior to the completion of the defendant's investigation and prior to the government providing full discovery would violate Mr. Baker's constitutionally guaranteed right a fair trial. In support of this motion counsel offers the following.

<u>BACKGROUND</u>

    Mr. Baker stands charged by the government with defrauding Ms. Doris Medley. The government claims that Mr. Baker defrauded Ms. Medley by opening an investment account for Ms. Medley opening an account for Ms. Ruqiya Akhdar and transferring money from Ms. Medley's account to Ms. Akhdar's. According to the discovery provided by the government to date, Ms. Medley reported the aforementioned transactions to bank authorities. It is unclear to what extent Ms. Medley took part in the investigation of Mr. Baker.

Furthermore, the government claims that Ms. Medley was defrauded by Ruqyia Akhdar. The government has provided no information regarding any conversations between Ms. Akhdar and Ms. Medley. In fact, the government claims that Ms. Medley is now indicating that she has never met Ms. Akhdar.

Moreover, counsel has requested information that may support the government's claims about Ms. Medley's medical condition, the government has not disclosed any additional information to support their claim. As a threshold matter the government has provided insufficient proof to support its request that Ms. Medley's testimony be video taped.

Furthermore, Mr. Baker has only begun to investigate the charges against him. A fact of which the government is well aware. After issuing a subpoena *ducas tecum* to one of the financial institutions relevant to this case, the documents produced in compliance with this subpoena were accompanied by a letter indicating that FBI Agent Charlie Price had been sent a copy of the documents subpoenaed by Mr. Baker.

Many of the banking records provided by the government are insufficient to adequately question Ms. Medley. While the government is under no obligation to provide all the evidence obtained during its investigation, where it does not provide such evidence the defendant has a right to obtain this evidence. The procurement of these documents will take time, provided of course the government does not provided them to the defendant. Without these documents Mr. Baker will not be prepared to adequately cross-examine Ms. Medley.

Further, the government's grand jury investigation certainly involved testifying witnesses. To the extent Ms. Medley is contradicted by a witness in the grand jury, the

government's obligation to provide such information prior to trial is questionable. Additionally, as often is the case, especially with law enforcement officers, a witness who testified in the grand jury relying on hearsay frequently has that testimony contradicted at trial by the direct witness. Should this occur, Mr. Baker will not be able to call Ms. Medley to confront her with the contradiction.

This leaves Mr. Baker in an untenable position. If he is forced to cross-examine Ms. Medley without the benefit of a thorough investigation and full disclosure by the government he will not be able to do so effectively. Moreover, where a witness provides testimony that does not contradict the statements of Ms. Medley but instead provides testimony that Ms. Medley has never been questioned on, leaving Mr. Baker in a position that he must call Ms. Medley in the defense case, he will be unable to do so. Again robbing Mr. Baker of a constitutionally guaranteed right. The government will be permitted to present Ms. Medley's testimony to the government as if it had been thoroughly and adequately cross-examined. To do so would be untrue and mislead the jury.

LEGAL ARGUMENT

Under Rule 15, a court may authorize the deposition of a witness provided the court makes a finding that the deposition is necessary "to prevent a failure of justice." Federal Rule of Criminal Procedure 5(a). The party seeking the deposition bears the burden of demonstrating that "exceptional circumstances" necessitate the preservation of testimony through a deposition. *United States v. Kelley*, 36 F.3d 1118, 1124-1125 (D.C. Cir. 1994). To carry this burden the government must demonstrate (1) the materiality of

the testimony and (2) the unavailability of the witness to testify at trial. *Id.* Moreover, there must be a showing, beyond "unsubstantiated speculation," that the evidence is vital. *Id*. at 1125.

Here the government offers no evidence demonstrating the materiality of Ms. Medley's testimony. Simply stating that the testimony is material is insufficient. The government must demonstrate to the Court the precise issue to which the testimony relates and the reason the testimony is material.

Moreover, the Sixth Amendment to the United States Constitution guarantees Mr. Baker a right to a full and thorough cross-examination of Ms. Medley. Such a cross-examination is not possible without a thorough investigation and full disclosure by the government. In all trials, the testimony of witnesses shall be taken orally in open court, unless otherwise provided by an act of Congress or by the federal rules of procedure.

Failure to investigate and prepare a case can amount to ineffective assistance of counsel. "Only when reasonable investigation has been performed is counsel in a position to make informed tactical decisions. It is especially important that counsel adequately investigate the case in order that at the least he can provide minimally competent professional representation." *U.S. v. Barbour*, 813 F.2d 1232, 1234 (D.C. Cir. 1987). *See also Osborn v. Shillinger*, 861 F.2d 612, 627 (10th Cir. 1988) (inadequate preparation and failure to investigate other potential defenses ineffective assistance). *United States v. Mitchell, 796 F.Supp 13, (USDC DC 1992).* "Effective representation hinges on adequate investigation and pretrial preparation . . . [for] investigation may help an attorney develop or even discover a defense, locate a witness or unveil impeachment evidence." *United States v. DeCoster*, 487 F.2d 1197, 1204 (D.C. Cir. 1973). When

counsel's choices are uninformed because of inadequate preparation, a defendant is denied the effective assistance of counsel. *Id.* at 1204.

The guaranteed opportunity to cross-examine adverse witnesses is an inherent component of the defendant's Sixth Amendment right of confrontation. *Scull v. United States*, 564 A.2d 1161, 1164 (D.C. 1989). "An important function of this constitutionally-protected right is the exposure of the witness' biases or motives for not telling the truth." *Elliott v. United States*, 633 A.2d 27, 32 (D.C. 1993). "Cross-examination serves as a vehicle to uncover possible biases, prejudices, or ulterior motives of the witness as they relate to issues or personalities in the case at hand." *Jenkins v. United States*, 617 A.2d 529, 531 (D.C. 1992) (citations and internal quotation marks omitted). Bias refers both to a witness' personal bias for or against a party, as well as to his or her "motive to lie." *Ford v. United States*, 549 A.2d 1124, 1125 (D.C. 1988). "Moreover, cross-examination seeking to ferret out bias takes on enhanced significance where the credibility of the key government witness is in issue." *Jenkins*, 617 A.2d at 531.

Here, the government requests that Ms. Medley's deposition be taken in advance of trial, prior to complete disclosure of relevant information and prior to the conclusion of Mr. Baker's investigation. Permitting the government to take the deposition of Ms. Medley at this point would require that Mr. Baker cross-examine her without being prepared to do so. Such a cross-examination would be ineffective. *U.S. v. Barbour*, 813 F.2d 1232, 1234 (D.C. Cir. 1987). *See also Osborn v. Shillinger*, 861 F.2d 612, 627 (10th Cir. 1988).

Accordingly, the government's request to depose Ms. Medley at this stage of the proceedings should be denied. The government has failed to proffer sufficient evidence to support such an extraordinary request nor has the government provided Mr. Baker sufficient information to permit Mr. Baker to engage in an adequate cross-examination of Ms. Medley.

Respectfully submitted,

_____/s/_____
James W. Beane, Jr.
Bar No. 444920

2715 M Street, NW
Suite 200
Washington, DC  20007
202-333-5905

## CERTIFICATE OF SERVICE

    I do hereby certify that a copy of this motion was delivered to Assistant United States Attorney Lynn Cherie Holliday, via the ECF system on this 7th day of December, 2005.

                                                        /s/
                                        James W. Beane, Jr.