UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : |
| | : Criminal No.: 05 cr 364 (EGS) |
| KENNETH C. BAKER | : |
| | : |
| Defendant | : |

MOTION FOR MODIFICATION OF
CONDITIONS OF PRE-TRIAL RELEASE

Comes now, Kenneth C. Baker, by and through undersigned counsel, and respectfully requests that this Court issue and order modifying Mr. Baker's conditions of release pending trial in this matter.

1. Mr. Baker has been charged in a five-count indictment in which the government alleges that Mr. Baker engaged in fraudulent conduct while employed by Sun Trust Bank. The government claims that Mr. Baker and a Ms. Ruqiya Akhdar, engaged in a scheme to defraud Ms. Doris Medley of $96,000.00.

2. Mr. Baker was released by Magistrate Judge Robinson, and ordered to report to pre-trial services twice a week once in person and once via telephone. Mr. Baker has complied with the Court's requirements but with great difficulty. Mr. Baker is forced to travel from Durham, North Carolina bi-weekly. At the time the Court ordered the bi-weekly travel Mr. Baker was employed. However, do to the actions of the FBI, Mr. Baker's employment was terminated.

3. Mr. Baker has cooperated with the government from the time he was asked to do so by the government. When Mr. Baker was first asked to meet with the FBI he was living in Florida, and the FBI was aware of this. Although Mr. Baker was not under subpoena or

Court order to do so. Mr. Baker traveled at his own expense to Virginia. When asked to meet AUSA Sarchio, Mr. Baker again appeared voluntarily. An indictment was filed against Mr. Baker on Thursday, September 29, 2005. Counsel received notice via the ECF system. On Friday September 30, 2005, counsel noticed his appearance via the ECF system and telephoned AUSA Sarchio to request that Mr. Baker be permitted to self-surrender.

4. On Monday, October 3, 2005. Counsel received a telephone call from Mr. Baker's sister indicating that Mr. Baker had been arrested on Saturday October 1, 2005. Just one day after the indictment was issued. Mr. Baker was arrested in Durham, North Carolina where he has been living with a friend. It is important to note that FBI agents have been closely involved in this case. Repeatedly calling Mr. Baker's friends and relatives. It is not an unreasonable inference that these agent's were in fact following Mr. Baker and simply awaiting an arrest warrant so that they could arrest Mr. Baker, knowing full well that Mr. Baker would be held in jail to await retrieval by the United States Marshall Service.

5. At the time the FBI began investigating Mr. Baker he was suspended by his employer, Sun Trust Bank, pending a determination by the government as to whether Mr. Baker would be indicted. Counsel first became involved in this case in July of 2004. Thus Mr. Baker was suspended from his job at Sun Trust Bank since at least that time. After over a year of investigation, just as Mr. Baker was beginning to recover from the false allegations of the government Mr. Baker was indicted and arrested in Durham North Carolina and has been held since that time.

6. Pursuant to 18 U.S.C. § 3142(a) " . . . Upon the appearance before a judicial officer of a person charged with an offense the judicial officer shall issue an order that, pending trial, the person be – released on personal recognizance or upon execution of an unsecured appearance bond. . .." In order to place conditions on Mr. Baker's release the Court

must determine that Mr. Baker may fail to return to court as ordered or that he will endanger the safety of any other person or the community. Absent such a finding, the shall release Mr. Baker on personal recognizance. 18 U.S.C. § 3142(b).

7. On September 29, 2005, counsel received notice via the Electronic Court Filing System that an indictment had in fact been filed. Counsel immediately telephoned AUSA Chad Sarchio, the assistant assigned to this case and again informed him that Mr. Baker would surrender.

8. On or about Saturday October 1, 2005, Mr. Baker was arrested in Durham, NC. Mr. Baker was then living and working in Durham. Mr. Baker was presented before a United States Magistrate Judge in North Carolina, on Monday, October 3, 2005, at which time he was held pending retrieval by the United States Marshal Service.

9. Counsel contacted the United States Attorney's Office, the United States Marshal Service in Greensboro, NC and the District of Columbia, no one has been able to say when Mr. Baker would be transferred to the District of Columbia. However, with the exception of Mr. Sarchio, they all agreed that it could be as much as 30 days or longer and that it would probably not happen in the next week. The practical result of the government's actions was that Mr. Baker was held substantially, longer in jail for a crime he did not commit.

10. The government's actions left Mr. Baker in an unenviable, but avoidable position. Mr. Baker should have been permitted to voluntarily return to this jurisdiction for arraignment and release pending trial.

11. The government can present no evidence indicating that Mr. Baker has done anything but cooperate with its investigation of him. The only time that Mr. Baker refused to cooperated with the government was when Mr. Baker decided to exercise his Fifth Amendment right to remain silent and then when he declined the government's offer to enter into a pre-

indictment plea.

    For the reasons stated above, undersigned counsel respectfully requests that this Court grant Mr. Baker's request that he be released on personal recognizance.

Respectfully submitted,

_____/s/_____
James W. Beane Jr.
2715 M Street, NW
Suite 200
Washington, D.C. 20007
beane.law@verizon.net
Tel. (202) 333-5905
Fax (202) 333-5906

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the foregoing Motion has been served upon Assistant United States Attorney, Lynn C. Holiday, Esquire, via the Court's ECF system, on this 12th day of November 2005.

                                                              Respectfully submitted,

                                                              _____/s/_____
                                                               James W. Beane, Jr.