UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA    :    Criminal No. CR 05-364 (EGS)

    :

    v.    :

    :

KENNETH BAKER,    :    :

    :

    Defendant.    :

GOVERNMENT'S OPPOSITION TO MOTION FOR MODIFICATION OF
CONDITIONS OF PRE-TRIAL RELEASE

    The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes defendant's motion for modification of conditions of pre-trial release.   In support of its opposition,  the government states the following:

    1.  The defendant is charged with Bank Fraud, Money Laundering, Interstate Transportation of Stolen Property, and First Degree Fraud.  The government's theory is that the defendant engaged in a scheme to defraud an 87-year victim of $96,000.

    2.  At his arraignment on October 13, 2005, the defendant was ordered to report in person to the Pretrial Services Agency on alternate Fridays, [1] though defendant's motion seems to suggest that defendant was ordered to report in person every week.  Further, defendant states that at the time the Court ordered bi-weekly travel he was employed.  Although this assertion was also made to the Magistrate Judge Robinson during the arraignment hearing,  it is not true. Documents in the possession of the government and defense counsel clearly establish that  the

---

[1] Defendant's motion states that he is required to phone in to Pretrial Services once a week, however, the copy of the release order in the government's possession does not list that requirement.

2

defendant was fired by RBC in North Carolina on October 4, 2005–more than a week before his appearance before Magistrate Judge Robinson.

    3.  Defendant states in his motion that "at the time the FBI began investigating Mr. Baker, he was suspended by...Sun Trust Bank, pending a determination by the government as to whether Mr. Baker would be indicted.  Again, this assertion is simply not true.  The defendant was asked to resign from Sun Trust Bank on March 3, 2004 due to poor performance and he resigned later that day.  At the time, Sun Trust did not know about the fraud.  Further, the fraud was not referred to the FBI until March 17, 2004–14 days later after the termination.

    4.  Defendant suggests that FBI agents were following him before he was arrested in North Carolina.  As fate would have it, Mr. Baker was arrested by the North Carolina Highway Patrol on October 1, 2005 for speeding.  A NCIC check revealed that there was an arrest warrant outstanding in this case.  Indeed, local FBI agents had coordinated with North Carolina agents to go to North Carolina to arrest Mr. Baker on October 3, 2005

    5.  The government submits that the defendant is a flight risk.  He was arrested in 1997 for failing to appear in another court matter.  In addition, since this case began in 2004, the defendant has lived in three different states, DC, Florida and North Carolina.  Further,  his employment has been unstable and sporadic since the inception of this case.

    6.  The arguments raised by defendant in the instant motion were presented to Magistrate Judge Robinson for her consideration as to bond on October 13, 2005.  Defendant has presented no new or additional facts in the instant motion that would warrant this Court modifying his current conditions of release.

3

WHEREFORE, in light of defendant's failure to appear in a court proceeding in the past, the lack of stable employment, and the lack of ties to any one community, the government respectfully requests that defendant's motion be denied.

Respectfully Submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY
D.C. Bar Number 451058

_____

LYNN C. HOLLIDAY
ASSISTANT U.S. ATTORNEY
D.C. Bar Number 415954
United States Attorney's Office
555 Fourth Street, N.W., 4235
Washington, D.C.  20530
Tel. (202) 616-9550
lynn.holliday@usdoj.gov