UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | :     Cr. No. 05 - 364 (EGS) |
| | : |
| KENNETH C. BAKER | : |
| | : |
| Defendant | : |

MOTION TO SUPPRESS STATEMENTS

Kenneth C. Baker, by and through undersigned counsel, moves this Honorable Court for an order precluding the government from using any statement purportedly made by Mr. Baker to government agents. The subject statements were made prior to Mr. Baker being appropriately advised of his *Miranda* warnings. The statements were also made as a result of the coercive tactics used by the government agents. Mr. Baker makes this motion pursuant to the Fourth, Fifth and Sixth Amendment of the United States Constitution as well as Rule 12(3)(c), and 47 of the Federal Rules of Criminal Procedure. In support of this motion, Mr. Baker states the following:

Mr. Baker is charged by indictment with *inter alia* defrauding Ms. Doris Medley. Mr. Baker was an employee of Sun Trust Bank. Ms. Medley completed an application to open a new bank account. As part of his banking duties he went to Ms. Medley's home where she signed the aforementioned application. Mr. Baker then presented the application to the appropriate banking officials who then caused an account to be opened for Ms. Medley.

Ms. Ruqiya Akhdar, then opened a bank account using a new check drawn on Ms. Medley's new account. Immediately thereafter Ruqiya Akhdar cashed several checks drawn on

the account.

Shortly, after the aforementioned banking transactions the government began investigating Mr. Baker and the circumstances surrounding the transactions. During the course of their investigation the government questioned Mr. Baker for an unreasonable period of time without the benefit of *Miranda* warnings, additionally the government agents used extremely coercive tactics prior to and during the questioning of Mr. Baker. These coercive tactics, included but were in no way limited to following Mr. Baker from job to job, questioning friends and relatives until Mr. Baker believed he had no choice but to return and talk to the government agents.

Accordingly, Mr. Baker's statement was coerced and any alleged waiver was not knowingly or voluntarily made.

I. MR. BAKER'S STATEMENTS SHOULD BE SUPPRESSED BECAUSE HE WAS NOT PROPERLY ADVISED OF HIS RIGHTS PURSUANT TO *MIRANDA v. ARIZONA*.

In *Miranda v. Arizona*, 384 U.S. 436 (1966), the Supreme Court decided that certain prophylactic warnings are necessary in order to safeguard a defendant's right against self incrimination. The Court held that the prosecution may not use an incriminating statement that the defendant made during a custodial interrogation[1] unless the prosecution demonstrates that (1) the defendant was informed that he had the right to remain silent, anything he said could be used against him, he had the right to have an attorney present, and if he could not afford an attorney

---

[1] One is in custody if he is "deprived of his freedom of action in any significant way." *Miranda*, 384 U.S. at 344. The Court must look to whether a reasonable person would have felt free to end the encounter, under the totality of the circumstances. *Michigan v. Chesternut*, 486 U.S. 567, 572-73 (1988).

one would be appointed for him; and (2) the defendant waived these rights. *Id*. at 479.

If a person in custody indicates that he wants to remain silent he may not be questioned further unless he initiates communication, or (1) a significant period of time has passed after the initial questioning ceased, (2) the suspect is given a fresh set of *Miranda* warnings, and (3) the second interrogation concerns a crime that was not a subject of the first interrogation. *Michigan v. Mosley*, 423 U.S. 96, 106 (1975). If the suspect invokes the right to counsel, questioning may resume when an attorney has been provided or the suspect has knowingly and voluntarily relinquished his right to counsel. *Edwards v. Arizona*, 451 U.S. 477, 482 (1981).

Any statement made in police custody, in response to questions, is inadmissible unless the record clearly shows that the entire series of warnings was provided and that the defendant knowingly and intelligently waived these rights. The government has the burden of demonstrating that *Miranda* warnings have been given to a suspect and that any alleged waiver of rights was knowingly, voluntary and intelligently made.

Here, Mr. Baker was not advised of his *Miranda* warnings prior to the lengthy interrogation by the government. Consequently, the statement was not made knowingly, voluntarily or intelligently and the statements should be suppressed, as well as any fruit of this violation of his constitutional rights.

II.     MR. BAKER'S STATEMENTS SHOULD ALSO BE SUPPRESSED AS THEY ARE THE PRODUCT OF COERSION.

The test for voluntariness is whether the statement is "the product of an essentially free and unconstrained choice by it's maker." *Schneckloth v. Bustamonte*, 412 U.S. 218, 225 (1973). The specific issue of whether a statement is voluntary is not answered by compliance or

noncompliance with the requirements of *Miranda v. Arizona*, 384 U.S. 436 (1966). The Court must also consider whether the statement was involuntary within the meaning of the due process clause. That provision of the Constitution requires that a statement be voluntary quite apart from whether or not *Miranda*'s prophylactic procedures are followed. A defendant's statement is inadmissible as a matter of law if under the totality of circumstances it was involuntarily obtained. *See, e.g., Miller v. Fenton*, 474 U.S. 104 (1985); *United States v. Yunis*, 859 F.2d 953, 961 (D.C. Cir. 1988).

The Court must determine whether Mr. Baker's statement was "the product of an essentially free and unconstrained choice by its maker," *Culombe v. Connecticut*, 367 U.S. 568, 602 (1961), and to do so upon a view of the "totality of the circumstances." *Wyrick v. Fields*, 459 U.S. 42, 47 (1982) (*quoting Edwards v. Arizona*, 451 U.S. 477, 483 (1981)). In considering whether the government has satisfied its burden, the Court must consider, *inter alia*, the intellectual capacity and education of the accused, and intoxication, as well as the length of the interrogation and other coercive circumstances such as threats, promises or trickery. *See Sims v. Georgia*, 389 U.S. 404 (1967); *Beecher v. Alabama*, 389 U.S. 35, 38 (1967); *Townsend v. Sain*, 372 U.S. 293, 307-09 (1963).

The government agents in this case used threats, lengthy interrogation, as well as trickery and deceit. Accordingly, his statement was obtained as a direct result of coercion and must not be admitted as evidence in this trial.

**CONCLUSION**

For the foregoing reasons and any other, which may appear at a hearing on this motion,

the statement and tangible evidence allegedly obtained from Mr. Baker must be suppressed because it was obtained in violation of Mr. Baker's constitutional rights.

Respectfully submitted,

_____ /s/_____
James W. Beane, Jr.

2715 M Street, N.W.
Suite 200
Washington, DC  20007
202-333-5905

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Motion to Enlarge Time, has been served upon Assistant United States Attorney, Lynn C. Holliday, Esquire, via the Court's ECF system.

Respectfully submitted,

_____/s/_____
James W. Beane, Jr.