UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. CR 05-364 (EGS) |
| | : | |
| v. | : | |
| | : | Trial: January 18, 2006 |
| KENNETH BAKER, | : | |
| | : | |
| Defendant. | : | |

GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO SUPPRESS STATEMENTS

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes defendant's motion to suppress statements. In support of its opposition, the government states the following:

1. The defendant is charged with Bank Fraud, Money Laundering, Interstate Transportation of Stolen Property, and First Degree Fraud. At trial, the government expects to prove that in February 2004, the defendant engaged in a scheme to defraud 87-year Doris Medley of $96,000.

2. On June 21, 2004, prior to being charged, indicted, or arrested in this matter, the defendant voluntarily agreed to meet with FBI agents assigned to the fraud investigation and provided statements to them regarding his involvement in the matter. The defendant now seeks to suppress those statements claiming that they were obtained in violation of Miranda v. Arizona, 384 U.S. 436 (1966), and that they were the product of coercion and trickery. Defendant also alleges a violation of the Fourth, Fifth and Sixth Amendments.

3. The defendant alleges that the agents failed to advise him of his rights pursuant to Miranda, supra, prior to obtaining the statements. Defendant further alleges that his statements were involuntary, claiming that the agents used threats, trickery and deceit to obtain the statements in

question. The defendant has failed to set forth any facts to support these claims. Moreover, the defendant has not alleged in his pleading that he was in custody at the time of any alleged violation. Thus, he is not entitled to a hearing on the motion to suppress because he has failed to allege sufficient facts which, if established at a hearing, would warrant relief. Duddles v. United States, 399 A.2d 59 (D.C. 1979). Consequently, the government submits that the defendant's motion to suppress statements should be summarily denied.

    4. Should the Court be inclined to hold a hearing on defendant's motion, the government expects to present testimony to establish that in June of 2004, FBI agents obtained information from one of defendant's relatives that the defendant would be visiting the Washington, D.C. area. One of the agents requested that the relative ask the defendant to give her a call because she wanted to speak with the defendant about the events involved in this case. On or about June 20, 2004, the agent received a call from the defendant. During that telephone conversation, the defendant voluntarily agreed to meet with agents on June 21, 2004 at their FBI office in Tysons, Virginia, to discuss the events underlying the instant charges. On June 21, 2004, the defendant arrived at the time and location agreed upon, and was again advised of the nature of their interest in speaking to him. At no time was the defendant advised that he was in custody or treated as if he was in custody by the agents. Moreover, the defendant never indicated in any way that he did not wish to speak to the agents or that he wished to leave. Indeed, during the course of approximately two hours, or less, the defendant was questioned about his knowledge of transactions involving the SunTrust bank account of Ms. Doris Medley in February, 2004, and the defendant took advantage of the opportunity to tell his version of what happened, and freely and willingly provided the statements in question without any threats or coercion by the agents.

5. Contrary to defendant's assertions, his statements were not made in violation of the Fifth Amendment and <u>Miranda</u>. It is well-settled that the protections of <u>Miranda</u> only apply to custodial interrogations. As explained in <u>Miranda</u>, custodial interrogation refers to "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." 384 U.S. at 444. The Court has stressed that these safeguards come into play only when the defendant is subject to both custody and interrogation. <u>Rhode Island v. Innis</u>, 446 U.S. 291, 297 (1980); <u>Beckwith v. United States</u>, 425 U.S. 341, 347 (1975). Thus, in the absence of either factor, <u>Miranda</u> safeguards do not apply. In the instant case, the defendant was clearly not in custody at the time of his statements to the agents.

6. Defendant claims that his statements were involuntary. A statement is voluntary for the purpose of due process so long as the statements are "the product of an essentially free and unconstrained choice by its maker." <u>Schneckloth v. Bustamonte</u>, 412 U.S. 218, 225-26 (1973) (citing <u>Columbe v. Connecticut</u>, 367 U.S. 568, 602 (1961)). Moreover, for a statement to be involuntary, it must have been caused by government overreaching. <u>Martin v. United States</u>, 567 A.2d 896, 907 (D.C. 1989) ("[w]ithout a showing of coercive police activity . . . there is not a basis for concluding that [the defendant's] confession was involuntary") (internal quotations omitted). There was no such conduct in this case. However, even if there were, there is no indication in this case that under the totality of the circumstances, <u>Lego v. Twomey</u>, 404 U.S. 477, 489 (1972) (government has burden of establishing under preponderance of the circumstances that the confession was voluntary), the defendant's will was overborne. See <u>Rogers v. Richmond</u>, 365 U.S. 534, 544 (1961) (government conduct must be "such as to overbear [a suspect's] will to resist and bring about confessions not freely self-determined"). In considering the validity of this claim, the

government submits that it is significant that the defendant was a former police officer at the time of the statements in question.

7. Defendant's motion to suppress evidence contains only the assertion that a Fourth Amendment violation occurred. No facts are alleged which support the conclusion that any such violation occurred. The government submits that this claim should be summarily denied because it does not contain facts which, if established, would warrant relief. Duddles, supra. Moreover, as stated previously, defendant voluntarily agreed to meet with the agents and was never in custody. Hence, the statements are not the fruit of any detention, seizure or custody.

8. Defendant makes a bare assertion that there was a violation of the Sixth Amendment. Protections of the Sixth Amendment do not attach until after a subject has been charged. The defendant does not allege that he made statements after he was charged.

**WHEREFORE**, the United States respectfully requests that the defendant's motion to suppress statements be denied.

Respectfully Submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

LYNN C. HOLLIDAY
Assistant United States Attorney
Bar Number 415954
555 4th Street, N.W., Room 4235
Washington, DC 20530
(202) 616-9550