UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal No. 05-364 (EGS) |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| **KENNETH BAKER,** | : | |
| | : | |
| Defendant | : | |

### GOVERNMENT'S PROPOSED STATEMENT OF THE CASE AND *VOIR DIRE*

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits a case statement and objections to the defendant's requested *voir dire*.[1]

### STATEMENT OF THE CASE

The government believes that the following case statement fairly and adequately advises prospective jurors of the charges they will be asked to consider and the allegations that are the

---

[1]   It was our understanding that the Court had asked the parties to submit a joint request for *voir dire* and jury instructions.  Toward that end, in late December, 2005, the government forwarded to defense counsel the case statement included herein, and a set of proposed jury instructions.  On January 18, 2006, having had no communication with the government, defense counsel filed his requests directly with the Court.

In any event, the government is filing, today, a set of jury instructions that incorporates the defendant's objections.  With respect to his proposed *voir dire* and case statement, however, it appears that these views are somewhat more difficult to reconcile, so with our apology for not having accomplished that which the Court requested (*i.e.*, a joint submission), we hereby file for the Court's consideration the case statement that we originally proposed and our objections the proposed *voir dire* defendant has submitted directly to the Court.

-2-

subject of the testimony, such that each juror can responsibly answer the Court's inquiry as to their suitability as jurors:

> The indictment in this case alleges that the defendant, Kenneth Baker, defrauded a woman named Doris Medley, who was at that time, 87 years old. The defendant worked for SunTrust Bank, where Mrs. Medley had money market and checking accounts. The government charges that one day after he was introduced to Mrs. Medley and visited her at her home, the defendant transferred $96,000 from her money market account to her checking account, and then, having taken blank checks from Mrs. Medley's house, he wrote a $96,000 check to a friend of his, named Ruqiya Akhdar.

> The government charges that over the next several days, the defendant opened a checking account with Ms. Akhdar, in her name, and deposited the $96,000 check. The government charges that the defendant and Ms. Akhdar then made three withdrawals from those funds, for $3,000, $9,000, and $25,000.

> The government has also charged the defendant with money laundering. It is alleged that he used Ms. Akhdar's name on the documents to conceal his ownership and control over the funds he took from Mrs. Medley.

> The defendant denies the charges, and claims that Ms. Akhdar committed fraud by herself, and that she stole the money.

The defendant has proposed an alternative version that we oppose. The clear purpose of the defense version is to provide prospective jurors of the theory of defense, *not* to advise them of the charges and anticipated testimony. As such, it is our view that the defendant's proposal is not appropriate for *voir dire*, and should be considered later, in the context of jury instructions.

-3-

## Opposition to Defendant's Proposed *Voir Dire*

The government does not oppose the defendant's request that the Court inquire into jurors' connections to the banking industry or the crime of identity theft and fraud. However, the Government strenuously objects to the defendant's proposed exploration of jurors' views relating to race. This is *not* a case where race is even remotely an issue: the defendant, the victim, all but one of the courtroom participants, and the vast majority of witnesses are all African-American. Because race is not an issue, it is well within the Court's discretion to omit the requested *voir dire*. *See generally*, Mu'Min v. Virginia, 500 U.S. 415, 423-24 (1991), in which the Supreme Court cited its supervisory authority over cases tried in federal court, and reiterated its view that such an inquiry "need not be made in every case, but only where the defendant was accused of a violent crime and the defendant and the victim were members of different racial or ethnic groups." *Id.*, *citing* Rosales-Lopez v. United States, 451 U.S. 182, 189 (1981). Similarly, with respect to cases tried in state courts, where the Supreme Court's authority is limited to questions of Constitutional dimension, the *Mu'Min* opinion defers to the trial court's discretion. *Id.*, *citing* Turner v. Murray, 476 U.S. 28 (1986) (questions regarding racial prejudice must be asked in capital cases involving a charge of murder of a white person by a black defendant); Ristaino v. Ross,

-4-

424 U.S. 589 (1976) (the Constitution does *not* require questions about racial prejudice in every case where the races of the defendant and the victim differ); Ham v. South Carolina, 409 U.S. 524, 527 (1973) (questions regarding racial prejudice proper where the defendant claimed law enforcement officers were "out to get him" because of his civil rights activities).

    The charges in this case are non-violent; the defendant, his victim, and his accomplice are all of the same race; and there is no allegation that the defendant was targeted or otherwise addressed on the basis of his race.  It is our view, therefore, that the requested questions are irrelevant and inflammatory. There is simply no reason to inject race into a case where it is not an issue.

                    Respectfully submitted,

                    KENNETH L. WAINSTEIN
                    UNITED STATES ATTORNEY
                    D.C. Bar Number 451058


                    _____
                    LYNN C. HOLLIDAY
                    D.C. Bar Number 415954
                    BARBARA E. KITTAY
                    D.C. Bar Number 414216
                    Assistant U.S. Attorneys
                    555 Fourth Street, NW
                    Washington, D.C.  20530
                    (202) 616-9550 / (202) 514-6940
                    Lynn.holliday@usdoj.gov
                    Barbara.kittay@usdoj.gov