IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v. : | |
| : | Cr. No. 05 - 364 (EGS) |
| : | |
| KENNETH C. BAKER : | |
| : | |
| Defendant : | |

MEMORANDUM IN AID OF SENTENCING

COMES NOW, Kenneth Baker, through undersigned counsel, and respectfully submits this Memorandum in aid of his sentencing, which is scheduled for July 18, 2006.

BACKGROUND

Mr. Baker was employed by Sun Trust Bank. While employed at the bank he assisted Ms. Doris Medley in opening an account and assisted Ms. Ruqiya Akhdar in withdrawing money from Ms. Medley's accounts. Mr. Baker pled guilty to the charges as indicted by the government.

Prior to his arrest Mr. Baker was employed by RBC Bank in North Carolina. He was terminated from this position shortly after his arrest based on the statements of FBI agent Charlie Price who told bank employees that Mr. Baker was known to carry a gun and posed a threat to bank employees. Mr. Baker has a small child who he had been supporting prior to his arrest and he was in a stable relationship prior to his arrest. Mr. Baker enjoys a tremendous amount of support from his family as well as his community. These are factors the Federal Sentencing guidelines do not consider and the Court should consider them as it determines what sentence should be imposed in this case.

ARGUMENT

As the Court is aware the Federal Sentencing Guidelines are merely advisory. The Court must sentence Mr. Baker Pursuant 18 U.S.C. 3553. In sentencing Mr. Baker the Court must consider the following factors:

1. The nature and circumstances of the offense and the history and characteristics of the defendant;

2. The need for the sentence imposed – considering that the sentence should reflect the seriousness of the offense such that it promotes respect for the law and provides just punishment for the offense, affords adequate deterrence to criminal conduct, protects the public from further crimes of the defendant and provides the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

3. The kinds of sentences available;

4. The kinds of sentences and the sentencing range established by the sentencing guidelines.

Although the Federal Sentencing Guidelines are now only advisory, the Court must consider them. However in many cases the sentence advised by the guidelines is in no way reasonable. That is in fact the case with Mr. Baker, as the guidelines do not consider many mitigating factors that are present in Mr. Baker's life. For example; Mr. Baker was gainfully employed until FBI Agent Charlie Price contacted his former employer and told them Mr. Baker was armed and dangerous. Mr. Baker is a father who cares for and until he was incarcerated provided for his child. Additionally, Mr. Baker

has a huge amount of support in our community. Attached are at least 20 letters from family and friends who share their years of experience regarding Mr. Baker. The Federal Sentencing Guidelines do not consider the support an individual has in his community.

Thus, when the Court considers the circumstances of the offense and the history and characteristics of the defendant the Court must realize that Mr. Baker's lack of a significant criminal history mitigates in favor of a sentence of supervised release.

Where the Court analyzes the second factor, whether the sentence reflects the seriousness of the offense such that it promotes respect for the law and provides just punishment for the offense, affords adequate deterrence to criminal conduct, protects the public from further crimes of the defendant and provides the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. This also mitigates in favor of a sentence of supervised release.

Mr. Baker spent approximately two weeks in jail subsequent to his arrest and has been held in jail since he entered his plea of guilty. That period of time in jail convinced Mr. Baker that he does not want to spend more time in jail and will remain crime free for the rest of his life. Additionally, society will not benefit from the incarceration of Mr. Baker. To the contrary, should Mr. Baker be incarcerated he will be unable to provide financial or parental support to his child. Should this happen Mr. Baker will have very few options upon release. There are very few employers who are willing to hire people who have been incarcerated for significant periods of time. Certainly he will be unable to work the banking industry. Further, our system of justice and our society are better served by permitting Mr. Baker to immediately begin his road to rehabilitation. Further incarceration will simply impede that process.

The government argues that Mr. Baker should receive and significantly lengthy period of incarceration because he abused a position of authority. The government's argument is in error. The provision of the federal sentencing guidelines permits such an increase where the circumstances warrant. Here Mr. Baker was one step above a bank teller with several supervisors. In fact in order to assist in the opening of an account Mr. Baker had to seek the approval of one of these supervisors. Additionally, the bank could only transfer funds from one account to another with the express approval of a supervisor. Thus, the government's claim that Mr. Baker was in a position of authority while employed by the bank is not supported by the evidence.

This Court should consider the many things the guidelines fail to consider and impose a reasonable sentence. Here, when one considers the nature of the instant offense it becomes clear that the sentence required to adequately address the objectives 18 U.S.C. §3553 is one of supervised release.

## CONCLUSION

For the reasons stated above, Mr. Baker respectfully request that the Court impose a sentence of supervised release.

Respectfully submitted,

/s/
James W. Beane, Jr.

2715 M Street, NW
Suite 200
Washington, D.C. 20007
(202) 333-5905

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Memorandum in Aid of Sentencing was served on Assistant United States Attorney, Roy Alston via the Court's ECF system this 17th day of, 2006.

                                                      /s/
                                    James W. Beane, Jr.