HONORABLE EMMET G. SULLIVAN, UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Docket No.: 05-CR-364 |
| vs. | : | SSN: |
| BAKER Jr., Kenneth | : | Disclosure Date: May 1, 2006 |

**FILED**

JUL 1 8 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## RECEIPT AND ACKNOWLEDGMENT OF PRESENTENCE INVESTIGATION REPORT

This is to acknowledge that each of the undersigned has received and reviewed the Presentence Investigation Report (PSR) in the above-entitled case. The undersigned further acknowledges that:

**For the Government**

(CHECK APPROPRIATE BOX)
( ) There are no material/factual inaccuracies therein.
(✓) There are material/factual inaccuracies in the PSI report as set forth in the attachment herein.

_____     5.16.2006
Prosecuting Attorney                                  Date

**For the Defendant**

(CHECK APPROPRIATE BOX)
( ) There are no material/factual inaccuracies therein.
( ) There are material/factual inaccuracies in the PSI report as set forth in the attachment.

_____  _____     _____  _____
Defendant            Date           Defense Counsel       Date

## NOTICE OF OBLIGATION OF THOSE EXECUTING THIS FORM

Pursuant to Local Rule 32(f)(2), those executing this form shall first submit any material inaccuracies or disputes in writing by **May 15, 2006**, to U.S. Probation Officer **Kathie McGill**, telephone number **(202) 565-1421**, fax number **(202) 273-0242**.

Pursuant to Rule 32(b)(6)(B), effective December 1, 1994, it shall be the responsibility of the Attorney for the Government and the Defense Counsel to provide each other with a copy of the objections at the same time the objections are filed with the probation office.

**FOR THE COURT**

By: Richard A. Houck, Jr., Chief
United States Probation Officer

Receipt and Acknowledgment

Page 2

The government believes that the following two adjustments should be added:

### § 3B1.3 - Abuse of Position of Trust or Use of Special Skill   +2

This adjustment applies to "[p]ersons [who] are subject to significantly less supervision than employees whose responsibilities are primarily non-discretionary in nature." As a Securities Investment Banker, the defendant had an enormous amount of discretion to open and close accounts and to move money into investment vehicles. The fact that he operated independently in numerous branches facilitated the fraud and allowed him to act over the phone and in person without raising suspicions. Clearly, he used his special skills, as advertised by the bank employee who recommended that the victim meet with the defendant, to arrange a meeting with the victim, to move her money in and out accounts, to open an account in the name of the co-conspirator, to know what forms needed to be filled out and, in one specific instance, to follow an employee behind the counter to prevent her from calling the victim to verify that she wanted the transaction. The examples used in the commentary to this Section – "an embezzlement of a client's funds by an attorney serving as a guardian, a bank executive's fraudulent loan scheme"– fully support the application of this adjustment.

### § 3B1.1 - Aggravating Role - Organizer, Leader, Manager or Supervisor   +2

"[T]he defendant must have been the organizer, leader, manager, or supervisor of one or more other participants." Without question, the defendant was the leader of the scheme to defraud the victim. His co-conspirator, Ruqiya Akhdar, was not an employee of the bank and did not know and had never met the victim. The defendant on the other hand was extensively familiar with the bank and its operations and he was put into contact with the victim. The defendant knew how much money the victim had in her account and was thereby able to fraudulently prepare a check that would clear. The co-conspirator has testified under oath, and will do so again at the defendant's sentencing hearing, that the defendant recruited her into his plan when all she wanted to do was open a checking account and that she did not receive any of the money from the defendant's scheme. The defendant's behavior in this conspiracy perfectly fits the factors described in the commentary: "[T]he exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others."

Signed by: Roy Austin

Date: 5.16.06