UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | : Cr. No. 05 - 364 (RMU) |
| | : |
| KENNETH C. BAKER, JR. | : |
| | : |
| Defendant | : |

MOTION FOR RELEASE PENDING TRIAL

COMES NOW Kenneth C. Baker, Jr., by and through his attorney, and respectfully request that this Court release Mr. Baker pending trial in this matter pursuant to 18 U.S.C. 3164(c).

1. The Court may recall that Mr. Baker was charged with, *inter alia,* Bank Fraud, in violation of 18 U.S.C. 1344. On March 22, 2006, Mr. Baker entered a plea of guilty to all counts of the subject indictment and was sentenced on July 18, 2006.

2. Mr. Baker appealed his conviction asserting that he had been mislead by the Court when he entered his plea. The Court of Appeals for the District of Columbia Circuit agreed with Mr. Baker and vacated his guilty plea. Subsequently, this matter was assigned to this Court.

3. Prior to entering his guilty plea Mr. Baker was released on his personal promise to return to court when required. The Court also set certain conditions with which Mr. Baker needed comply in order to remain on personal recognizance. Mr. Baker was required to check in with Pre-trial services via telephone and in person. Mr. Baker

was also permitted to live in North Carolina pending disposition of his case. Mr. Baker complied with all the conditions of his release and made each court appearance as promised. Immediately after Mr. Baker pled guilty he was ordered detained pending sentencing.

4. Now that Mr. Baker's plea of guilty has been vacated by the Court of Appeals, Mr. Baker should be once again released on his personal promise to return to court when required. By vacating his plea of guilty the Court of Appeals has effectively returned Mr. Baker to his status prior to entering his plea. Essentially, at present it is as if Mr. Baker had not entered a plea of guilty, thus there are no new circumstances justifying a change in his conditions of release. Should Mr. Baker be held subsequent to the his plea being vacated by the Court of Appeals it will appear that Mr. Baker is being punished for exercising his right to appeal his conviction.

5. Mr. Baker was not a danger to the community nor was he a flight risk prior to entering the now vacated plea and nothing has changed subsequently to justify continuing to hold Mr. Baker.

6. Counsel has not had the opportunity to speak with government counsel regarding the filing of this motion as government counsel has informed counsel that she will be out of the office until September 10, 2007. However, government counsel has indicated that she will oppose Mr. Baker's request for release pending resolution of this matter and withdraw any outstanding plea offer should such a motion be filed.

Accordingly, Mr. Baker respectfully request that Mr. Baker be released on his personal promise to appear at each proceeding prior to a disposition of this matter.

Respectfully submitted,


_____ /s/_____
James W. Beane, Jr.

P.O. Box 77572
Washington, DC  20001
202-257-3920

<u>CERTIFICATE OF SERVICE</u>

     I HEREBY CERTIFY that a copy of the foregoing Motion for Release Pending Disposition of this Matter, has been served upon Assistant United States Attorney, Barbara Kittay, Esquire, via the Court's ECF system on this 5th day of September, 2007.

                                              Respectfully submitted,

                                              _____/s/_____
                                              James W. Beane, Jr.