UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 05-364 (RMU) |
| | : | |
| v. | : | |
| | : | |
| KENNETH BAKER | : | |
| | : | |
| Defendant. | : | |
| | : | |

GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION FOR RELEASE PENDING FURTHER DISPOSITION

_____The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby responds in opposition to the defendant's motion for release pending further disposition, and states as follows:

1.  Defendant Baker's case has been remanded for trial, following an Order of the United States Court of Appeals for the District of Columbia Circuit, vacating the guilty plea entered before the Honorable Emmet G. Sullivan.

2.  At a status hearing held on August 14, 2007, the defendant was present when his attorney (appearing by telephone from New Orleans, Louisiana) represented that the defendant would likely enter another guilty plea in this case.  In subsequent discussions between counsel, details of that disposition were discussed and the government agreed to nearly all of the modifications requested by the defendant.

3.  At a further status hearing held on September 10, 2007, the defendant announced that he would not be accepting the government's

2

plea offer, because he preferred to file a motion for release from custody -- a request explicitly prohibited under the terms of the proposed plea agreement.

4.  As the Court is aware, the absence of any non-trial disposition in this case necessitates the appointment of new counsel, due to counsel's relocation to Louisiana.  Today, government counsel was contacted by Nathan Silver, Esquire, who was selected from the list for appointment by the Federal Public Defender.  Mr. Silver preliminarily has asked the government to keep the defendant's plea options open, pending his further discussions with the defendant.  For that reason, the government believes that the defendant may ultimately withdraw this motion for release.

5.  Even before Mr. Silver contacted the government, the defendant had communicated to the undersigned prosecutor, through prior counsel, stating that "in light of the Court's decision not to rule on Mr. Baker's motion for release today," the defendant had decided to accept the government's plea offer.  This communication, made less than an hour after leaving court after the last status conference, also calls into question whether the defendant intends to pursue this motion for release.[1]

---

Under the terms of the plea offer the defendant now purports to accept, he would serve an additional term of incarceration.

3

6.  In any event, should the defendant elect to pursue pre-trial release, the government opposes the request.  At the time the defendant was arrested, he had a very spotty employment record, and a history of moving from state to state, without ties to any jurisdiction.  He had no serious ties to his then-State of residence, North Carolina, where he had been working as an investment advisor.[2]  At this time, the defendant has made no representations concerning where he plans to live or work, or in what manner his current situation can assure the Court that he is not a flight-risk.  He appears to have no employment or financial resources, he has no stated jurisdiction of residence and, depending on where he intends to reside, he has no family or community ties to that residence.  *See* 18 U.S.C. §3142(g).

7.  Moreover, the defendant has every reason to flee the jurisdiction -- now more than when he previously was released in this case.  At this time, the defendant knows every aspect of the government's case.  He has confronted and cross-examined the government's two principal witnesses:  the victim, whose testimony was recorded in a pre-trial deposition; and his co-conspirator, whose version of the events he challenged in an evidentiary

---

The government notes that Judge Sullivan found the defendant to be a "danger to the community" when he revoked his release in this case.  He was concerned that the defendant, who that day had admitted to stealing nearly the entire life savings of a senior citizen, was still working within the financial community and handling private assets.

4

presentation at the defendant's sentencing hearing.  He also has the
benefit of at least one judge's views as to the punishment he should
receive, and it is severe.  He is fully aware that the government's
evidence is strong.  Indeed, he told Judge Sullivan at sentencing
that he pleaded guilty because it became clear to him that the
government's case was strong; the evidence was personally
embarrassing to him; and that he would lose.

8.  Long before the defendant was even arrested in this case,
he told agents of the Federal Bureau of Investigation that he would
flee before being arrested in this case, because waiting to be
arrested would be "freedom suicide."  The agents interpreted this
statement to mean that the defendant intended to flee.

9.  On the day the defendant entered his guilty plea, Judge
Sullivan told the deputy U.S. marshals in the courtroom to take him
into custody.  As they stepped toward the defendant, he quickly
removed from his pockets his passport and several hundred dollars in
U.S. currency, and tried to hand them to counsel.  Again, it is
believed that the defendant was preparing to flee the jurisdiction.

10.  The government is concerned by the defendant's recent
representations.  Nearly two years ago, he entered a plea in this
case, during which he admitted his guilt several times.  Although
that plea was vacated, it was not necessarily because the appellate
court accepted his protests of actual innocence; rather, the
appellate court appeared to accept his claim that his decision-

5

making process was flawed by his reliance on an unrealistic calculation of the potential consequences of his plea.  Once again, the defendant's decision-making process appears flawed, in that he is focused -- not on guilt or innocence -- but rather on matters concerning his immediate detention.

11.  The government is concerned that the defendant carefully and appropriately consider his options, at this time, and believes that he would benefit from a thorough review of those options by new counsel.  Toward that end, the government requests that at a minimum, this Court defer consideration of the defendant's motion for release, keeping open a full range of options for further negotiation with the government.

12.  In any event, the defendant has made insufficient representations, at this time, with respect to his ties to the community, that would assure his appearance at trial, and he continues to be a danger to the community.

6

WHEREFORE, the government requests that the defendant's request for release pending trial or further disposition be DENIED.

Respectfully Submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
D.C. Bar Number 498610

By: _____

BARBARA E. KITTAY
D.C. Bar Number 414216
Assistant U.S. Attorney
555 Fourth Street, N.W., Rm. 4846
Washington, D.C.  20530
Tel. (202) 514-6940
Barbara.kittay@usdoj.gov