

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C.  20530*

September 20, 2007

Nathan I Silver, Esquire
Post Office Box 5757
Bethesda, Maryland 20824-5757

      Re: United States v. Kenneth Baker
         Criminal Number 05-364 (RMU)

Dear Mr. Silver:

    This letter re-extends the plea offer made on March 21, 2006, by the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office") to your client Kenneth Baker.  If your client now chooses to accept the terms and conditions of this offer, please  have your client execute this document in the space provided below.  This offer expires on September 20, 2007.  Upon receipt of the executed document, this letter will become the plea agreement.  The terms of the offer are as follows:

    1.  **Charges and penalties**:  Your client, Kenneth Baker, agrees to admit guilt and enter a plea of guilty to Count I of the Indictment, which charges Bank Fraud, in violation of 18 U.S.C. §1344, and Count II, which charges Money Laundering, in violation of 18 U.S.C. §1956.  Your client understands that pursuant to the statutes, bank fraud carries a maximum penalty of thirty (30) years imprisonment, up to five (5) years of supervised release, and a maximum fine of $1,000,000; money laundering carries a maximum prison term of twenty (20) years, up to three years supervised release, and a fine of $500,000 or twice the value of the property involved in the transaction.  In addition, your client agrees to pay restitution, as well as a special assessment of $100 per felony conviction to the Clerk of the United States District Court for the District of Columbia

-2-

prior to the date of sentencing.  Your client further understands that if the Court rejects the plea as set forth in paragraph 3, below, and he does not withdraw his plea, your client will be sentenced according to 18 U.S.C. Sections 3553(a) and 3553(c) through (f), upon consideration of the United States Sentencing Guidelines Manual ("Sentencing Guidelines") which will apply to determine your client's guideline range.  Your client also understands that pursuant to 18 U.S.C. Section 3571 and  Section 5E1.2 of the Sentencing Guidelines, the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release and period of probation.

    2.  **Sentencing**:  Your client agrees that a sentence within the sentencing range determined pursuant to the Sentencing guidelines is a reasonable sentence and that he will not argue for a sentence outside that range nor oppose the Government's recommendation of a sentence within that range.  As applied to this case, your client agrees that the Guidelines applicable to his case are §2B1.1 and §2S1.1.  The fraud guideline (§2B1.1) sets an offense level of 7, to which 8 levels are added for an intended loss greater than $70,000 (§2B1.1(b)(1)(E)).  The money laundering guideline (§2S1.1) has a base offense level 8, with 7 levels added for the amount of money involved (§2S1.1(a)(2)).  The highest of these is the money laundering guideline, to which two (2) levels are added because of a vulnerable victim (§3A1.1(b)(1)), and two (2) additional levels are added for breach of a position of trust (§3B1.3), to a total adjusted offense level of **19**.  In return for the Government's agreement not to seek any increases in your client's base offense level (including §2B1.1(b)(15)) or upward departure other than those which are agreed to by your client in this agreement, your client agrees not to seek any downward adjustments or departures.

    If your client continues to accept responsibility for his criminal conduct, commits no other criminal acts, and complies with the terms and conditions of this agreement, the United States agrees that it will not oppose a 2-level reduction of the defendant's offense level pursuant to §3E1.1(a), and will ask the Court to apply the additional 1-level decrease set forth in §3E1.1(b)], which will decrease your client's final adjusted offense level to **16 (21 to 27 months).**

    Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing.  Your client also understands that the sentence will be imposed in accordance with 18 U.S.C. Sections 3553(a) and 3553(c) through (f), upon consideration of the <u>United States</u>

-3-

<u>Sentencing Commission's Guidelines Manual</u>, and the sentence to be imposed is a matter solely within the discretion of the Court. Your client fully and completely understands that the Court must consult with and take into account the U.S. Sentencing Guidelines but is not bound by the Sentencing Guidelines.  Your client understands that the failure of the Court or the Probation Office to determine the guideline range in accordance with the above calculations will not void this plea agreement or serve as a basis for the withdrawal of this plea.  Except as provided otherwise in paragraph 3, below, your client understands and agrees that s/he will not be allowed to withdraw the guilty plea entered pursuant to this plea agreement solely because of the harshness of any sentence recommended by the Probation Office or imposed by the Court, and that a motion to withdraw the plea on that basis may be treated by the United States as a breach of this plea agreement.

    3.   **Agreement on sentence, under Rule 11(c)(1)(C), FRCP:** Your client and the government agree that a sentencing range of 18 to 27 months, as fixed for Offense Levels 15 and 16, Criminal History Category I, by the Sentencing Guidelines is the range of an appropriate sentence for the offense(s) to which your client is pleading guilty.  The government also agrees, pursuant to Rule 11(c)(1)(c) of the Federal Rules of Criminal Procedure, to present this plea agreement between the parties to the Court for its approval.  If the Court accepts the plea agreement and the specific sentence or sentencing range agreed upon by the parties, then the Court will impose sentence and enter a judgment and conviction as provided for in this plea agreement.  The parties understand, however, that the Court may not agree that the above agreed upon sentence or sentencing range is an appropriate one and may reject the plea agreement pursuant to Fed. R. Crim. P. 11(e)(4), will inform the parties of its rejection of the plea agreement, and will afford the government and your client an opportunity to withdraw the plea, or in the event that your client persists in the guilty plea will inform your client that a final disposition may be less favorable to your client than that contemplated by this agreement.

    4.   **Release pending sentencing**: Your client agrees not to seek release pending sentencing and not to object to the government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. §3143, your client be detained without bond pending your client's sentencing in this case.  Any request for release while this plea offer is under consideration will be considered a rejection of this plea offer.

-4-

5. **Waiver of constitutional and statutory rights**:  In entering this plea of guilty, your client understands and agrees to waive certain rights afforded to your client by the Constitution of the United States and/or by statute, including: the right against self-incrimination with respect to the offense(s) to which your client is pleading guilty; the right to be tried by a jury, or by a judge sitting without a jury; the right to be assisted by an attorney at trial; and the right to confront and cross-examine witnesses.  Your client further agrees that the District Court Judge should make any Sentencing Guidelines determinations.

6. **Allocution:**  Your client understands that if the Court rejects this plea as set forth in paragraph 3, and your client does not withdraw his plea, the government reserves its full right of allocution for purposes of sentencing in this matter.  In particular, the United States reserves its right to recommend a specific period of incarceration and fine up to the maximum sentence of incarceration and fine allowable by law.  In addition, if in this plea agreement the Government has agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues.  Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons.  In addition, your client acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines, 18 U.S.C. Section 3553(e), or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

7. **Dismissal of counts in the indictment:**  This Office will request that the Court dismiss the remaining counts of the indictment in this case at the time of sentencing.  Your client, however, agrees and acknowledges that the charges to be dismissed at the time of sentencing were based in fact.

8. **Prosecution by other agencies or jurisdictions**:  This agreement only binds the United States Attorney's Office for the District of Columbia.  It  does not bind any other United States Attorney's Office or any other office or agency of the U.S. Government, including, but not limited to, the Tax Division of the United States Department of Justice, the Internal Revenue Service of the United States Department of the Treasury; the Bureau of Immigration and Customs Enforcement (BICE) of the

-5-

Department of Homeland Security; or any state or local prosecutor.  These individuals and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions.  It your client is not a citizen of the United States, he understands and acknowledges that the guilty plea in this case will or might subject your client to detention, deportation and other sanctions at the direction of the BICE.

    9.   **No other agreements**:  There are no other agreements, promises, understandings or undertakings between your client and this Office other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, your client's counsel, and an Assistant U.S. Attorney for the District of Columbia, or made by the parties on the record before the Court.

    Sincerely,

_____
Jeffrey A. Taylor
UNITED STATES ATTORNEY


_____
Barbara E. Kittay
Assistant United States Attorney

-6-

## DEFENDANT'S ACCEPTANCE

    I have read this plea agreement and have discussed it with my attorney.  I fully understand this agreement and agree to it without reservation.  I do this voluntarily and of my own free will, intending to be legally bound.  No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully.  I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.  I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

_____

Date                                      Kenneth Baker


## ATTORNEY'S ACKNOWLEDGMENT

    I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully.  These pages accurately and completely sets forth the entire plea agreement.  I concur in my client's desire to plead guilty as set forth in this agreement.

_____

Date                                      Nathan I Silver, Esquire
                                          Attorney for the Defendant