HONORABLE RICARDO M. URBINA, UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Docket No.: <u>CR-05-364-01</u> |
| vs. | : | |
| BAKER, Jr., Kenneth C. | : | Disclosure Date: <u>October 4, 2007</u> |

**FILED**

OCT 1 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## RECEIPT AND ACKNOWLEDGMENT OF PRESENTENCE INVESTIGATION REPORT

This is to acknowledge that each of the undersigned has received and reviewed the Presentence Investigation Report (PSR) in the above-entitled case. The undersigned further acknowledges that:

**For the Government**
(CHECK APPROPRIATE BOX)
( ) There are no material/factual inaccuracies therein.
( ) There are material/factual inaccuracies in the PSI report as set forth in the attachment herein.

_____                    _____
**Prosecuting Attorney**                                           **Date**

**For the Defendant**
(CHECK APPROPRIATE BOX)
( ) There are no material/factual inaccuracies therein.
(X) There are material/factual inaccuracies in the PSI report as set forth in the attachment.

_Keith B. Ke_  10/9/07                           _signature_  10/9/07
**Defendant**          **Date**                  **Defense Counsel**   **Date**
X _Ken N. B_  10/12/07                           X _signature_  10/16/07

### NOTICE OF OBLIGATION OF THOSE EXECUTING THIS FORM

Pursuant to Local Rule 32(f)(2), those executing this form shall first submit any material inaccuracies or disputes in writing by <u>October 9, 2007</u>, to U.S. Probation Officer <u>Monica Glover</u>, telephone number <u>(202) 565-1332</u>, fax number <u>(202) 273-0242</u>.

Pursuant to Rule 32(b)(6)(B), effective December 1, 1994, it shall be the responsibility of the Attorney for the Government and the Defense Counsel to provide each other with a copy of the objections at the same time the objections are filed with the probation office.

FOR THE COURT

By:   Gennine A. Hagar, Chief
      United States Probation Officer

**Receipt and Acknowledgment**                                      Page 2

Page 4, ¶9:

Defendant ("Δ") denies that Mr. Pierpont told Δ that complaining witness ("CW") Medley had previously been scammed. Δ's recollection is that Mr. Pierpont told Δ only that the CW had money in her account for investments and that Δ should contact CW.

Page 4, ¶10:

Δ denies putting checkbook into the drawer of the end table near the couch. He recalls that CW gave him a blank check (separate from the check she used to reimburse Δ for groceries) along with a signed brokerage account application form, the latter which CW signed.

Page 7, ¶29:

Δ objects to a two-level increase under USSG §3B1.1(c) in the base offense level for a "leadership role". Though Δ admits he enlisted Ruqiya Akhdar's assistance in the scheme, he contends that Ms. Akhdar, his codefendant, shared in the financial gain from the depredation, even though she has testified that she received no compensation. Inasmuch as the parties have stipulated under the terms of the plea agreement to certain enhancements, and elected not to include this one, Δ requests that the PSR remove this enhancement.

Page 11, ¶51:

Δ notes that he was detained in this case on March 22, 2006, following his guilty plea before Judge Emmet Sullivan. Δ has been incarcerated without interruption since then. The PSR notes the child support obligation was entered in February 2006, one month before Δ's incarceration. That explains his ability to provide the mere $100.00 payment the child's mother says Δ has made since that time.

Page 14, ¶74:

Δ denies that his departure from his job at RBC Centura Bank was the product of (his) "abandonment", as his former employer reported. Rather, Δ was arrested in North Carolina on a warrant related to the instant case and his initial detention prevented him from going to work as scheduled.

Signed by: _____
Defense Attorney

Date: Oct. 9, 2007